UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>and<br><br>U.S. FOOD AND DRUG ADMINISTRATION,<br>10903 New Hampshire Avenue<br>White Oak, MD 20903<br><br>*Defendants*. | Case No. 20-1064 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Health and Human Services and the U.S. Food and Drug Administration under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, nonprofit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant the U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of records that American Oversight seeks.

7. Defendant the U.S. Food and Drug Administration (FDA) is a component of HHS—an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1)—and is headquartered in White Oak, Maryland. FDA has possession, custody, and control of records that American Oversight seeks.

## **STATEMENT OF FACTS**

*Testing Sent Key Terms Request*

8. On March 18, 2020, American Oversight submitted a FOIA request to HHS and FDA seeking all email communications (including email messages, complete email chains, email attachments, and calendar invitations) sent by specified HHS and FDA officials containing any of thirty-four key terms related to coronavirus testing from January 20, 2020, through March 17, 2020. A copy of this "Testing Sent Key Terms Request" is attached hereto as Exhibit A and incorporated herein.

9. The specified HHS officials are as follows:

   a. Assistant Secretary for Health Brett Giroir

   b. Anyone serving as Chief of Staff to Assistant Secretary for Health Giroir, including, but not limited to, Carla Haddad

   c. Principal Deputy Assistant Secretary for Health Sylvia Trent-Adams

   d. Deputy Assistant Secretary for Health Paul Reed

   e. Assistant Secretary for Preparedness & Response Robert Kaldec

   f. Principal Deputy Assistant Secretary for Preparedness & Response Kevin Yeskey

   g. Deputy Assistant Secretary for Preparedness & Response & BARDA Director Rick Bright

10. The specified FDA officials are as follows:

   a. Jeffrey Shuren, Director of the Center for Devices and Radiological Health

   b. William Maisel, Director of the Office of Product Evaluation and Quality

    c.   Timothy Stenzel, Office of Health Technology 7 (In Vitro Diagnostics and Radiological Health)

    d.   Denise Hinton, Chief Scientist

    e.   Uwe Scherf, Director, Division of Microbiology Devices, Office of In Vitro Diagnostics and Radiological Health, Center for Devices and Radiological Health

11.    The thirty-four key terms are: "EUA"; "Emergency Use"; "Test"; "Testing"; "the WHO"; "W.H.O."; "World Health Organization"; "Kit"; "LDT"; "CLIA"; "RNA"; "Extraction"; "Quest"; "LabCorp"; "Roche"; "Qiogen"; "Thermo Fisher"; "Thermofisher"; "Hologic"; "Panther Fusion"; "Wadsworth"; "RT-PCR"; "Oscar"; "CureVac"; "University of Washington"; "Seattle Flu study"; "Greninger"; "POTUS"; "Reagent"; "564"; "564(b)"; "mainland China"; "close contact"; and "issue guidance."

12.    American Oversight further explained that it

> limited its request to <u>sent</u> messages to reduce the volume of potentially responsive records. American Oversight still requests complete email chains. So, for example, if a government official sent a response to an incoming message containing one of the key terms above, the email chain containing the initially received message and the response is responsive to this request.

13.    American Oversight sought expedited processing of the Testing Sent Key Terms Request, citing, among other things, the urgent need to inform the public about federal decision-making regarding the rollout of testing for the coronavirus, in combination with the fact that American Oversight is primarily engaged in disseminating the information it receives from public records requests to the public.

14.    In a letter dated March 18, 2020, HHS acknowledged receipt of the Testing Sent Key Terms Request and assigned it tracking number 2020-00719-FOIA-OS.

15. In an email dated March 25, 2020, FDA acknowledged receipt of the Testing Sent Key Terms Request and assigned it tracking number 2020-2531.

16. In a letter dated March 27, 2020, FDA granted American Oversight's request for expedited processing.

17. As of the date of this Complaint, American Oversight has not received any further communication from HHS or FDA regarding its Testing Sent Key Terms Request.

*Exhaustion of Administrative Remedies*

18. As of the date of this Complaint, Defendants HHS and FDA have failed to (a) notify American Oversight of any determinations regarding American Oversight's FOIA request, including the full scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce all of the requested records or demonstrate that the requested records are lawfully exempt from production.

19. Through Defendants' failure to make determinations as to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

20. In addition, as of the date of this Complaint, Defendant HHS has failed to respond to American Oversight's request for expedited processing.

21. Through Defendant HHS's failure to respond to American Oversight's request for expedited processing within the time period required by law, American Oversight has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

22. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

23. American Oversight properly requested records within the possession, custody, and control of Defendants.

24. Defendants are an agency—and a component thereof—subject to and within the meaning of FOIA and must therefore make reasonable efforts to search for requested records.

25. Defendants have failed to promptly and adequately review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA request.

26. Defendants' failures to conduct adequate searches for responsive records violate FOIA.

27. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to conduct adequate searches for records responsive to American Oversight's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

28. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29. American Oversight properly requested records within the possession, custody, and control of Defendants.

30. Defendants are an agency—and a component thereof—subject to and within the meaning of FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

31. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to American Oversight's FOIA request.

32. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

33. Defendants' failures to provide all non-exempt responsive records violate FOIA.

34. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**COUNT III**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing as to HHS**

35. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

36. American Oversight properly requested records within the possession, custody, and control of HHS on an expedited basis.

37. HHS is an agency subject to FOIA, and it must process FOIA requests on an expedited basis pursuant to the requirements of FOIA.

38. The records sought relate to an activity of the federal government about which there is an urgent need to inform the public.

39. Specifically, the records sought relate to a subject of heightened public and media interest implicating questions concerning the government's response to an urgent public health emergency that has already resulted in the deaths of more than ten thousand American residents.

40. American Oversight is primarily engaged in disseminating information to the public.

41. Therefore, the Testing Sent Key Terms Request justified expediting processing under FOIA.

42. HHS failed to ensure that a determination of whether to provide expedited processing was made and that notice of that determination was provided to American Oversight within ten days after the date of the Testing Sent Key Terms Request.

43. HHS's failure to grant expedited processing of the Testing Sent Key Terms Request violated FOIA.

44. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring HHS to grant expedited processing of the Testing Sent Key Terms Request.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant HHS to expedite the processing of American Oversight's FOIA request identified in this Complaint;

(2) Order Defendants HHS and FDA to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA request identified in this Complaint;

(3) Order Defendants HHS and FDA to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendants HHS and FDA from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(5) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.

Dated: April 23, 2020

Respectfully submitted,

*/s/ Christine H. Monahan*
Christine H. Monahan
D.C. Bar No. 1035590

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
christine.monahan@americanoversight.org
*Counsel for Plaintiff*